## THE INHABITANTS OF THE TOWN OF LAMBERTVILLE v. ISAAC W. CLEVINGER.

1. The first section of the act of March 17th, 1858, in regard to damages to property in cases of the alteration of the grades of streets or highways (*Nix. Dig.* 752), applies to the alteration of a grade not before formally established.

2. The charter of Lambertville provides that the common council shall not alter the grade of any street which has been built upon and which has been fixed by lawful authority, unless by the consent of the owners of a majority of the lots, &c.; *held*, that this provision applies only to the altering of a grade previously fixed by lawful authority.

3. In such action the defendants not permitted to deduct from the amount of damages sustained by the plaintiff the amount of benefits derived by him from the improvement of the street. The land owner is entitled to the benefit which he derives, in common with other property holders on the street, by the making of the improvement, and the benefit he receives in common with others cannot be deducted from his damages.

In error to Hunterdon Circuit Court.

For the plaintiff in error, *C. A. Skillman.*

For the defendant, *B. Van Syckel.*

The opinion of the court was delivered by

ELMER, J. I am satisfied that the charge of the court, in all the points excepted to, was correct, and that the judgment must be affirmed. The action was founded on the act approved March 17th, 1858, (*Nix. Dig.* 752)* the first section of which provides, that an action upon the case shall lie in behalf of any person owning any house or other building standing and erected upon any street or highway, the grade whereof shall be or shall have been altered by virtue of the ordinance, resolution, or other proceeding of the legislative authority of any city, borough, or town corporate to recover all damages which such owner shall suffer by reason of the altering any such grade. It appeared that the street upon which the plaintiff's house was erected had, before the

* *Rev., p.* 1009, § 70.

alteration thereof complained of, been duly laid out, and had been for some years opened, and that no grade for the said street had been fixed by lawful authority, nor had the road been before worked upon by the authorities of the town. The working which occasioned the damage to the plaintiff's house, for which the action was brought, was done by virtue of a resolution of the town authorities, and consisted in filling up the street opposite the house. It was insisted for the town, before the Circuit Court and upon the argument here, that altering the grade of a street, as used in the act of 1858, means altering a grade which has been before formally established. In common usage the grade of a street is its line of ascent or descent, and this may be changed at any time, and in practice is changed by those charged with the duty of repairing the streets. In regularly incorporated cities and towns, grades are frequently established by ordinances or other regulations; but in the case of highways in the county, the grade is no otherwise established than by the actual work on the ground. The object of the act was, in accordance with the settled policy of our laws, to compensate the owners of property for injuries occasioned by acts of the public authorities for the benefit of others. It is a remedial act, and ought to be interpreted liberally rather than strictly. I am therefore of opinion that there was no error in charging that the grade of the street upon which the plaintiff's house stood had been altered by changing its level, within the true meaning of the law. The third section of the act in question provides that it shall not refer to any city or town whose charter provides for assessing and paying compensation to persons injured by the making of grades established or to be established. By the supplement to the charter of Lambertville, it is provided that the common council shall not alter the grade of any street which has been built upon, and which has been fixed by lawful authority, unless by the consent of the owners of a majority of the lots, nor without paying to the owners of buildings the damages to be awarded in a manner prescribed. This, it

Town of Lambertville *v.* Clevinger.

was insisted, brought the case within the third section, but the court charged that it did not, and I think correctly. The charter plainly provides for the case of altering a grade previously fixed by lawful authority, and only for such a case. It does not reach the plaintiff's case. The alteration which injured him was not pretended to be made under the provisions of the charter; but for the reason that no grade had been previously fixed, it was assumed that the town might change the level of the street at the pleasure of the authorities without compensation to any property owner, no matter how great might be the injury done him.

Exception was also made to that part of the charge which directed the jury that, in estimating the damages, they have a right to look at the expense of raising the house in question, and that the defendants were not entitled to prove that the property was worth as much after as before the filling up of the street, taking into consideration the general benefit derived by all from the improvement; that the plaintiff was entitled to the benefit which he derived, in common with other property holders in that street, by the making of the improvement, and that the benefit he received in common with others cannot be deducted from his damages. This, however, was in accordance with the ruling of this court in the case of *The State* v. *Miller*, 3 *Zab.* 383. The supplement to the road act, approved in 1860, (*Nix. Dig.* 751)* provides that, in assessing the damages sustained by the owner of land taken when a road is laid out, such damages are only to be what he sustains over and above the advantage that will accrue to said owner. But the act by which this action is authorized makes no such provision, which in such a case as this would be much less reasonable, because the fifth section enacts that the damages to be paid shall be assessed not on the community generally, but upon the lands and real estate benefited, in proportion to the benefits received; so that if the plaintiff did in fact reap a benefit by the alteration he will have to pay a proper share of his own damages.

Judgment affirmed.

---

*Rev., p.* 998, § 13.